Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Loewe, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOEWE, S.A., | **24-cv-4004 (AKH)** |
| *Plaintiff* | **[PROPOSED]** |
| v. | **PRELIMINARY** |
| | **INJUNCTION ORDER** |
| AMOREANGEL_BAG STORE, ANGUCCIANG, ANYANNEVER, BAG0070, BANGSTORE8 STORE, BASICBAG, BVTOTEBAG, CHUNCHUNLG, CLOTHING5354, CLOVER_GO, COCKBALL, COCOCICK_BAG3, CONSPICUOUS_BAG, CORTEIZ25, CURE_ALL_DISEASES, CY_TREND_SHOP, DAFA1999, DESIGNER BAG LUXURY, DESIGNER06, DESIGNERBAG68, DESIGNERBAO, DESIGNERS BAGS, DHBESTBAGS, DHFENGNIANWEN, DHGATES_SHOP1, DONGDONGBAGS, ELYSIUM11 STORE, FASHION_CAP2, FASHION1PREMIUM, FASHIONBAG2023, FASHIONBAG8, FENG520YAO STORE, FLASHSHOES STORE, GGFFCC STORE, GIMMEGIMME, GOOD_OFF_SHOP, GOODSHOES781 STORE, HANDBAG_SHOP88, HDMBAGS2023, HDMBAGS2024, HERE_BAG, HIGHEND187, HIPHOPTRENDS, HUANG_CLOTHING, HWDLVG55, | |

JACK_GOOSE, JACQUEMUS, JBRS520 STORE, JINDUODUO, JUST4URWEAR, LA_LUX, LANYING01, LIGHTLUXURYBAG, LIGHTLUXURYBAG2, LIGHTLUXURYBAG95, LU_BAG, LUXURYBAG188888, LUXURYBAGS918, LUXURYBAGS998, LUXURYPURSES, MANDY2024, MANYCLOTHES STORE, MARCIE LEO, MICHAFL_KOPS, MILANSUNGLASSES, MJLUXURYBAG88, MLBSHOPS, NICE_HOODIE, NICE_SHOP1 , ONLYBAG25, POPLOV1854, PUZZLE_BAGS1, SELLSHANDBAGS, SETSAILBAG, SEVENWEEKS, SNEAKERS SUPPLIER STORE, SNEAKERS_DESIGNERS, STARRYCRAFTSMAN, STYLELUXURYBAG, SUCCESS46, SUNLIGHT_BAG STORE, SUNSHINE9966, TIDE_CLOTHING_TOP1, TOP10ABAGS, TRASHIRT, TRUEBAG, UNIQLO668 STORE, VALUABLEBAG, WW1368BAGS, WWWBAGFASHION, XMLONGBIDA, XRONG_TOTES, YABSERA, YILINZH, YONG03, ZHUHUIBLUE, ZHUHUILIN6 and ZMKJ37,

*Defendants*

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Loewe** | Loewe, S.A. |
| **Defendants** | amoreangel_bag Store, angucciang, anyannever, Bag0070, bangstore8 Store, Basicbag, Bvtotebag, ~~chunchunlg~~, Clothing5354, ~~clofor go~~, Cockball, cococick_bag3, conspicuous_bag, corteiz25, cure_all_diseases, cy_trend_shop, dafa1999, designer bag luxury, designer06, Designerbag68, designerbao, designers bags, Dhbestbags, dhfengnianwen, dhgates_shop1, ~~dongdongbags~~, elysium11 Store, ~~fashion cap~~2, fashion1premium, fashionbag2023, fashionbag8, feng520yao Store, flashshoes Store, ggfcc Store, gimmegimme, good_off_shop, goodshoes781 Store, handbag_shop88, Hdmbags2023, Hdmbags2024, here_bag, Highend187, hiphoptrends, huang_clothing, hwdlvg55, jack_goose, jacquemus, jbrs520 Store, ~~jindaoda~~o, ~~Just4urwear~~, la_lux, lanying01, Lightluxurybag, Lightluxurybag2, Lightluxurybag95, Lu_bag, luxurybag188888, luxurybags918, luxurybags998, Luxurypurses, mandy2024, manyclothes Store, marcie leo, Michafl_kops, milansunglasses, mjluxurybag88, ~~mlbshops~~, ~~nice_hoodie~~, nice_shop1 , OnlyBag25, Poplov1854, puzzle_bags1, sellshandbags, setsailbag, ~~sevenweek~~s, Sneakers supplier Store, Sneakers_designers, starrycraftsman, Styleluxurybag, success46, sunlight_bag Store, sunshine9966, ~~tide_clothing_top~~1, top10abags, trashirt, Truebag, uniqlo668 Store, valuablebag, ww1368bags, Wwwbagfashion, Xmlongbida, xrong_totes, ~~Yahsora~~, yilinzh, yong03, zhuhuiblue, zhuhuilin6 and zmkj37 |
| **DHgate** | Dunhuang Group d/b/a DHgate.com, an online marketplace and e-commerce platform which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |

| **Lambert Dec.** | Declaration of Nicolas Lambert in Support of Plaintiff's Application |
|---|---|
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Loewe Products** | Luxury women's and men's leather goods, clothing, perfume and other fashion accessories |
| **Loewe Marks** | U.S. Trademark Registration Nos.:1,328,409 for  for a variety of goods in Classes 18 and 25; 4,852,854 for  for a variety of goods in Class 25; 5,754,088 for  for a variety of goods in Classes 18 and 25; 5,946,699 for  for a variety of goods in Class 18 and 25; 4,693,808 for  for a variety of goods in Class 14; 5,343,342 for  for a variety of goods in Class 24; 5,999,318 for  for a variety of goods in Class 3; 5,047,314 for  for a variety of goods in Classes 3, 9, 14, 18 and 25e; 4,036,941 for  a variety of |

|  | goods in Class 3; 6,458,330 for [LOEWE logo] **LOEWE** for a variety of goods in Classes 3 and 4; 6,235,345 for AURA for a variety of goods in Class 3; 2,655,473 for [logo] for a variety of goods in Class 9; 2,079,138 for "ESENCIA LOEWE" for a variety of goods in Class 3; 2,099,086 for "AIRE LOEWE" for a variety of goods in Class 3; 1,122,323 for "LOEWE" for a variety of goods in Classes 16, 18 and 20; 2,770,759 for "LOEWE" for a variety of goods in Class 25; 3,021,208 for "SOLO LOEWE" for a variety of goods in Class 3; 5,332,346 for "CASA LOEWE" for a variety of goods in Class 35; 1,513,278 for "LOEWE" for a variety of goods in Class 3 and 14; 6,458,158 for "LOEWE HONESTY" for a variety of goods in Class 3; 6,274,715 for "LOEWE" for a variety of goods in Class 9; 4,152,315 for "AURA LOEWE" for a variety of goods in Class 3; 5,477,594 for "LOEWE" for a variety of goods in Class 24; 6,458,331 for "LOEWE" for a variety of goods in Classes 3 and 4; 4,801,597 for "LOEWE" for a variety of goods in Class 35; 7,349,718 for "LOEWE AIRE" for a variety of goods in Class 3; 4,948,683 for "LOEWE 001" for a variety of goods in Class 3; 7,349,717 for "LOEWE SOLO" for a variety of goods in Class 3; 7,349,719 for "LOEWE 7" for a variety of goods in Class 3; 2,698,284 for "LOEWE" for a variety of goods in Class 9; 6,647,043 for "PAULA'S IBIZA" for a variety of goods in Classes 18, 24 and 25; and 4,906,598 for "ECLECTIC" a variety of goods in Class 3 |
|---|---|
| **Loewe Design** | U.S. Design Patent No. D774,299 entitled "Handbag" |
| **Counterfeit Products** | Products bearing or used in connection with the Loewe Marks, and/or products in packaging and/or containing labels bearing the Loewe Marks, and/or bearing or used in connection with marks that are confusingly similar to the Loewe Marks and/or products that are identical or confusingly similar to the Loewe Products and/or products using or identical to the Loewe Design |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as DHgate, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant** | Any and all User Accounts through which Defendants, their |

v

| | |
|---|---|
| **Storefronts** | respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), DHgate (e.g., DHpay.com), PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, DHgate, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on May 24, 2024 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on June 13, 2024 ("TRO") which ordered Defendants to appear on June 26, 2024 at 4:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on June 18, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant, except Defendants chunchunlg, clover_go, dongdongbags, fashion_cap2, jinduoduo, Just4urwear, mlbshops, nice_hoodie, sevenweeks, tide_clothing_top1 and Yabsera;

WHEREAS, on June 25, 2024, the Court entered an order ("June 25, 2024 Order") scheduling a case management conference for Wednesday, June 26, 2024 at 2:30 p.m. ("Case Management Conference").

WHEREAS, on the same day, June 25, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the June 25, 2024 Order on each and every Defendant, except Defendants chunchunlg, clover_go, dongdongbags, fashion_cap2, jinduoduo, Just4urwear, mlbshops, nice_hoodie, sevenweeks, tide_clothing_top1 and Yabsera;

WHEREAS, on June 26, 2024, the Court issued an order canceling the Case Management Conference and rescheduling the Show Cause Hearing to July 1, 2024 at 4:30 p.m. and extending the TRO through the new date of the Show Cause Hearing ("June 26, 2024 Order");

1

WHEREAS, on June 26, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the June 26, 2024 Order on each and every Defendant, except Defendants chunchunlg, clover_go, dongdongbags, fashion_cap2, jinduoduo, Just4urwear, mlbshops, nice_hoodie, sevenweeks, tide_clothing_top1 and Yabsera;

WHEREAS, on July 1, 2024 at 4:30 p.m., Plaintiff appeared at the Show Cause Hearing, however, none of the Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Loewe Design and/or Loewe Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Loewe Marks;

      ii. operation of Defendants' User Accounts and Defendants' Merchant Storefronts including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

      iii. directly or indirectly infringing in any manner Plaintiff's Loewe Marks and/or

Loewe Design;

iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Loewe Marks, to identify any goods or services not authorized by Plaintiff;

v. using Plaintiff's Loewe Marks and/or any other marks that are confusingly similar to the Loewe Marks, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

vi. making, using, selling, importing and/or offering to sell products that infringe the Loewe Design;

vii. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

viii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants'

3

Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

ix. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

x. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) above, 1(b)(i) through 1(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers

4

who satisfy those requirements are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

    ii. knowingly instructing, aiding or abetting Defendants and/or any person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix), 1(b)(i) above and 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

      i. account numbers;

      ii. current account balances;

      iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

      iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a

business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

    v.  any and all deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi.  any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

    ii.  the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

    iii.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv.  Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of counterfeit Products, or any other products using the Loewe Design and/or bearing the Loewe Marks and/or marks that are confusingly similar to, identical to and/or constitute an infringement of the Loewe Marks.

4. As sufficient cause has been shown, pursuant to Fed. R. Civ. P. 4(f)(3), service may be made on, and shall be deemed effective as to all Defendants if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by DHgate pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed

effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where DHgate will be able to download a PDF copy of this Order via electronic mail to Ms. Emily Zhou, Intellectual Property Management, Trust and Safety Department, DHgate at zhouxu@dhgate.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s at thirdpartyrequests@payoneer.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal-int@pingpongx.com; and

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Airwallex will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com.

6. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this _1st_ day of _July_, 2024, at _4 40 p_.m.
New York, New York

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT JUDGE